# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ABOU FUNNA,**
**Claimant Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-210**        (JCN: 2024011663)

**WEST VIRGINIA DEPARTMENT OF HUMAN SERVICES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Abou Funna appeals the April 4, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Department of Human Services ("WVDHS") filed a response.[1] Mr. Funna did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By order dated January 11, 2024, the claim administrator denied the claim for a date of injury of December 20, 2023. On February 3, 2025, the Board received Mr. Funna's protest to the order dated January 11, 2024. On February 4, 2025, the Board sent a letter to Mr. Funna informing him that if he wished to submit a protest to the order dated January 11, 2024, he would need to submit a written explanation showing that he is in compliance with West Virginia Code § 23-5-1a(b), which provides that a claim administrator's order is final unless protested within sixty days after receipt of the order. The Board noted that West Virginia Code § 23-5-6a provides that the time period for filing a protest may be extended by an additional sixty days if good cause is shown. In response to the Board's letter, and according to the Board's order, Mr. Funna submitted a letter dated March 16, 2025, stating the nature of his claim and his difficulty in obtaining medical care and medical records.

---

[1] Mr. Funna is not represented. WVDHS is represented by James W. Heslep, Esq.

1

On April 4, 2025, the Board affirmed the claim administrator's order rejecting the claim. The Board found that Mr. Funna failed to show good cause to accept his late protest of the claim administrator's order. Mr. Funna now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Funna argues that his late protest should be accepted and he should be granted benefits because of the following: 1) he did not have a doctor and could not obtain medical records at the time of his alleged occupational injuries; 2) when he did obtain medical care, his physicians were uncooperative with sending his medical records to the appropriate parties; and 3) both claims were timely reported to the claim administrator by WVDHS's Human Resources Department.

Here, the Board did not address the merits of Mr. Funna's workers' compensation claim. Instead, the Board found that Mr. Funna failed to show good cause for his late protest of the claim administrator's order. The Board noted that the claim administrator's order was issued on January 11, 2024, and Mr. Funna did not submit a protest until approximately a year later. The Board considered the reasoning given by Mr. Funna for his late protest and found that this reasoning was not adequate.

Mr. Funna cites two cases in support of his arguments. In the first case, *Baker v. Centre Foundry Machine Company*, No. 17-0749, 2018 WL 2261275, at *5 (W. Va. May 17, 2018) (memorandum decision), the Supreme Court of Appeals of West Virginia noted

that "an employee's failure to timely apply for workers' compensation benefits may be excused when the failure was caused by the employer or its insurance carrier misleading the employee to believe that filing an application for workers' compensation is not necessary and that he or she 'will be taken care of.'" *Baker* is not helpful to Mr. Funna's arguments because it pertains to a late filing of a claim. Here, the issue is Mr. Funna's filing of a late protest to an order which rejected the claim.

The second case cited by Mr. Funna is *Asplundh Tree Expert Company v. Lafon,* No. 18-0217, 2018 WL 2406043 (W. Va. May 29, 2018) (memorandum decision). However, the facts of *Asplundh* are similar to *Baker*. The claimant in *Asplundh* filed his claim late, and the Supreme Court of Appeals of West Virginia held that the claimant filed timely because the self-insured employer had actual knowledge of the injury and the information necessary to proceed with a workers' compensation claim. Again, the present issue does not concern the late filing of a claim, but the late filing of a protest to the Board; thus, *Asplundh* is not applicable.

West Virginia Code § 23-5-1a(b) provides that a claim administrator's order is "final unless an objection to the decision is properly filed within 60 days after the receipt of such decision. This time limitation is a condition of the right to litigate the finding or action and hence jurisdictional." However, under West Virginia Code § 23-5-6a, a claimant may request a sixty-day extension of time to file an objection (also known as a protest) with the Board by filing a request and "showing good cause or excusable neglect, accompanied by the objection or appeal petition…." In the present case, Mr. Funna alleges no misconduct on the part of WVDHS and only makes arguments about his difficulties in receiving treatment for his injury and in obtaining his medical records.

Upon review, we affirm the Board's April 4, 2025, order on other grounds apparent in the record. *See*, *e.g.,* Syl. Pt. 2, *Adkins v. Gatson*, 218 W. Va. 332, 624 S.E.2d 769 (2005) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."). The Board concluded that Mr. Funna failed to establish good cause to accept a late protest. However, we conclude that because Mr. Funna failed to file an appeal within 120 days of the claim administrator's order, the Board, pursuant to West Virginia Code §§ 23-5-1a(b) and 23-5-6a, lacked jurisdiction to accept a late appeal. Therefore, as a matter of law, neither this Court nor the Board have authority to grant Mr. Funna's request to accept a late protest.

Accordingly, we affirm the Board's April 4, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White